UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>CHRISTOPHER JAMES MCGEE,<br><br>              Defendant. | Criminal No. 3:07-cr-00634 |

**DEFENDANT MCGEE'S SENTENCING MEMORANDUM**

NOW COMES Defendant Christopher James McGee and submits the following information for his sentencing hearing, currently scheduled for 9 October 2009 at 8:30.

1.     <u>WITNESSES AND EXHIBITS</u>.  The Defendant intends to testify extensively himself about each contested issue.  He does not anticipate calling other witnesses or submitting exhibits at sentencing.

2.     <u>UNRESOLVED MOTIONS</u>.  There are 8 defense motions on which the Court has not yet ruled:  Docket Nos. 92 (and 127), 122, 123, 124, 125, 126, and 136.  Counsel has no additional arguments or authorities beyond what is in the motions.  The Defendant wants to testify about why he is entitled to relief in each motion, asserting that counsel's written explanations of his arguments are deficient.

3.     <u>SENTENCING ISSUES</u>.  The Defendant faces a mandatory life sentence under United States Code Title 21, Section 841(b)(1)(A)(iii).  He has the following unresolved objections to the presentence report:

        a.     <u>Identifying Data</u>.  The Defendant never used the aliases Andrell T. Bates, Chrustopher J. Pollnitz, or James Taylor.  He never used the alias Social Security number.

b.      <u>Offense Conduct</u>.  The Defendant maintains his innocence.  There were no reasonable grounds for a conviction.  The Government did not prove the elements of the offenses beyond a reasonable doubt.

i.      Paragraphs 8 and 21.  The Defendant denies it was his residence.  It was not proven to be his residence.

ii.      Paragraphs 8 through 20.  The Defendant denies any involvement in Sanders's drug activities.  Note that he was not present at any point in any of these incidents.  He objects to the drug amounts.  He objects to the inclusion of any marijuana, as he was not indicted for any marijuana.

iii.      Paragraph 22.  There was no evidence that the Defendant met with someone behind the building.  He objects to the characterization that his walking around the corner was consistent with a drug deal.  He has the same objection concerning the taxi.  Note that all three went up to the taxi instead of one conducting a transaction while the others acted as lookouts.  The Defendant also questions how Edwards could be acting as a lookout if the others left, walking down the street.

iv.      Paragraph 23.  The Defendant objects to the cocaine amount as contrary to the jury's verdict on Count 2.  He continues to object to the inclusion of any marijuana.

v.      Paragraph 25.  The Defendant was not Mirandized.  He denies the alleged statements, and notes that the recording is garbled and indecipherable.  He never wired money, nor said he did so.  He never traveled to Chicago to obtain cocaine, nor said he did so.  He never said Sanders was residing with Edwards and himself; indeed, he never said he was residing there.  He was just visiting.

vi.      Paragraphs 28 and 29.  The Defendant denies Edwards's allegations.

vii.     Paragraphs 30 through 35.  The Defendant was not involved in any way, nor was he present at any time.  He objects to the drug amount.

viii.     Paragraphs 36, 37, 39, and 41.  The Defendant denies Sanders's allegations.  He objects to the drug amount.

ix.     Paragraph 37.  The Defendant was not in Iowa in February or March of 2007.  There is no evidence that the Defendant had any contact or involvement with Sanders in those months.

x.     Paragraph 39.  The Defendant did not move to Iowa with Angelo Scott.  There was no falling out with Scott.  Sanders was incarcerated during part of the alleged 2007 period.  McGee and Williams never lived together.

xi.     Paragraphs 44 and 45.  The Defendant denies Sharkey's allegations.

xii.     Paragraphs 46 through 48.  The Defendant denies Edwards's and Heumpreus's allegations.  Their statements are inconsistent with other statements they each have made.

xiii.     Paragraphs 49 and 58.  The Defendant again objects to the inclusion of any marijuana in the drug amount.  He also objects to any drug amount above 50 grams as not found by a jury beyond a reasonable doubt.

c.     Role Assessment.  Paragraphs 51 and 61.  The Defendant asserts he played no part in any conspiracy with Sanders.  Nevertheless, based on the Probation Office's own conclusion in Paragraph 50 that Sanders was responsible for more drugs and qualified for a role enhancement, the Defendant believes he is entitled to a mitigating role adjustment.

d.     Adjustment for Acceptance of Responsibility.  Paragraph 55.  The Defendant asserts he is entitled to this adjustment because he was vindicated by the lesser jury verdict on Count

2 and because he admitted the truth to the arresting officers about the cocaine found under the mattress.  The jury accepted that the Defendant had this lesser amount of crack for personal use only, not as part of any conspiracy or attempt to distribute.

      e.      <u>Criminal History</u>.

      i.      Paragraphs 69 and 70.  These cases are not the Defendant's.

      ii.      Paragraphs 71, 72, and 100.  The Defendant denies membership or involvement in, or association with, any street gang.

      iii.      Paragraph 72.  The Defendant admits to the cocaine and the gun, but denies all other factual allegations.

      iv.      Paragraphs 73 and 79.  This case is not the Defendant's.  Even if it were, there should be no criminal-history point since the offense is equivalent to vagrancy.  Please note that probation was discharged before the Defendant came to Iowa at the end of January 2007, so there should be no probation enhancement.

      v.      Paragraphs 78 through 80.  With only 3 criminal-history points and no probation enhancement, the Defendant's criminal-history category should be II.

      f.      <u>Factors that May Warrant a Departure or Variance</u>.  The Defendant seeks a downward variance to treat the crack amount as if it were powder.  He asserts the drug quantity would then not be sufficient to trigger the statutory mandatory life sentence.

      4.      <u>BUREAU OF PRISONS PLACEMENT AND PROGRAMS</u>.  The Defendant asks the Court to recommend that he participate in the BOP's intensive drug-treatment program.

For CHRISTOPHER JAMES MCGEE, Defendant

s / *James Bryson Clements*

1503 Brady Street
Davenport, Iowa 52803-4622
TEL 563-323-9715
FAX 563-323-7452
EMAIL jbclements@iabar.org

PROOF OF SERVICE

I certify that on 6 October 2009 I filed this document with the clerk of this Court through the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be through the CM/ECF system.

I further certify that on the same date I served a copy on the assigned United States Probation Officer by e-mail.

s / *James Bryson Clements*

cc:   Christopher J. McGee
      file (McGEEcj1403.01)