# In The Matter Of:

*United States of America v.*
*Christopher James McGee*

___

*Sentencing Proceedings*
*October 9, 2009*

___

*Kara M. Sullivan Reporting*
*637 4th Avenue West*
*Andalusia, IL 61232*
*309-798-5198*
*kmsullivancsr@mchsi.com*

Original File McGee_Christopher 10-9-09.txt
**Min-U-Script®**

```
                                                                    1

 1               UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF IOWA
 2                   DAVENPORT DIVISION

 3

 4   UNITED STATES OF AMERICA,      )
                                    )
 5                                  )
                     Plaintiff,     )NO. 3:07-cr-00634
 6                                  )
                                    )
 7           vs.                    )
                                    )SENTENCING
 8   CHRISTOPHER JAMES MCGEE,       )PROCEEDINGS
                                    )
 9                   Defendant.     )

10

11              The hearing commenced at 8:06 a.m. on
                October 9, 2009.
12

13   BEFORE:     The Honorable John A. Jarvey, U.S.
                 District Judge.
14
     APPEARANCES: Attorney Melisa Zaehringer,
15                Assistant U.S. Attorney,
                  131 E. 4th Street,
16                Davenport, Iowa 52801,
                  appeared on behalf of the Plaintiff.
17
                 Attorney James Bryson Clements,
18               Attorney at Law,
                 1503 Brady Street,
19               Davenport, Iowa 52803
                 appeared on behalf of the Defendant.
20

21

22
     REPORTER:    Kara M. Sullivan, CSR, RPR
23                Certified in Iowa & Illinois
                  637 4th Avenue West
24                Andalusia, Illinois 61232

25
```

Kara M. Sullivan Reporting
Andalusia, Illinois (309) 798-5198

1    THE COURT: we are here in the matter of the
2 United States of America versus Christopher James
3 McGee, Criminal Case 3:07-cr-634. Mr. McGee is before
4 The Court for sentencing based on his finding of guilty
5 at trial that was June 2nd, 2009. He was found guilty
6 of Counts 1 and 2 of the March 12th, 2008 indictment.
7 He's present and represented by James Clements; the
8 government is represented by Melisa Zaehringer.
9    In preparation for sentencing I've reviewed
10 the presentence report in its entirety. I've also
11 received the defendant's sentencing memoranda. I've
12 received a letter sometime ago, September 26th, from
13 Mr. McGee, and I've also been delivered -- had
14 delivered Government's Exhibits 1 through 5. Following
15 your review of the presentence report with your client,
16 Mr. Clements, did you find factual errors in the
17 report?
18    MR. CLEMENTS: We did. We found a number of
19 factual statements and legal conclusions that my client
20 objected to. We submitted those objections. Most of
21 those were not resolved. We have approximately 24
22 objections to be resolved today. They are set out in
23 the sentencing memorandum. I would just note for The
24 Court that the bulk of them are factual. In sentencing
25 issues Paragraph A, Paragraph B, and all of its

                                                                3

1    subparagraphs, and Paragraph E, regarding criminal
2    history, are all basically factual disputes.
3            And then there are three legal issues.  One is
4    the role assessment, which is Paragraph C.  And
5    adjustment for acceptance of responsibility, which is
6    Paragraph D.  And then a crack powder variance, which
7    is Paragraph F.  That is a complete list of all of our
8    objections.  There are no other objections that we
9    filed previously to the draft report or to the final
10   report, Your Honor.
11           THE COURT:  Did you -- with respect to the
12   sentencing Guideline calculation, it's primarily the
13   drug weight as well as the prior conviction alleged in
14   Paragraphs 69 through 70 that you're objecting to; is
15   that right?
16           MR. CLEMENTS:  It would be the drug weight,
17   because he objects to the entire drug amount.  It would
18   be that one criminal history case that provides one
19   point.  And then the role assessment and the adjustment
20   for acceptance of responsibility would also be factors
21   in the Guideline sentencing range.
22           THE COURT:  In that he has two prior drug
23   felonies, and Count 1 is a conviction for more than 50
24   grams of crack cocaine, why isn't the Guideline
25   calculation moot in this case?

1               MR. CLEMENTS:  My client's argument that it's
2       not moot would be in Paragraph F of our sentencing
3       issues.  He believes that if The Court gave a downward
4       variance to treat the crack amount as if it were
5       powder, The Court would then be allowed to ignore the
6       statutory language and the drug quantity, as a powder
7       amount would not be sufficient to trigger the statutory
8       mandatory life sentence.
9               THE COURT:  Okay.  No variance can affect a
10      mandatory minimum.  The Guidelines clearly state that
11      mandatory minimums trump Guidelines.  Ms. Zaehringer,
12      why isn't the Guideline calculation moot in this case?
13              MS. ZAEHRINGER:  Your Honor, we believe that
14      it is.  I think everything, all the factual arguments
15      as well as the legal arguments, are moot because the
16      Guideline range is life.
17              THE COURT:  I find that the Guideline
18      calculation in this case is moot.  He has suffered two
19      prior drug felony convictions as outlined in Paragraphs
20      71 and 72.  The Court will direct the probation office
21      to amend those paragraphs to note that the defendant
22      denies any gang membership.  That resolves the
23      objection to those two.
24              With the jury's finding that he is guilty of a
25      conspiracy exceeding 50 grams, the mandatory minimum in

1  this case is life imprisonment, so with that I do find
2  that the calculation of the Sentencing Guidelines is a
3  moot issue.  Nothing about those disputes can change
4  the sentence that The Court must impose in this case.
5  I would hear first from you, Mr. Clements, then from
6  Mr. McGee, and then from Ms. Zaehringer before imposing
7  sentence.
8              MR. CLEMENTS:  Based upon The Court's ruling
9  this morning, there really isn't anything that I can
10 say.  The statutory language is clear, and if The Court
11 does not accept my client's argument, then The Court
12 does not have any options other than to impose a life
13 sentence.  My client's only recourse is to appeal to
14 the 8th Circuit.  He has requested that The Court
15 recommend that he participate in the BOP intensive drug
16 treatment program, and that's the only request that I
17 had received from him.
18             THE COURT:  Any request as to where he's
19 incarcerated?
20             MR. CLEMENTS:  He'd prefer to be housed at
21 Oxford, if that's possible with his security rating.
22             THE COURT:  Thank you.  Mr. McGee, is there
23 something you'd like to say on your own behalf before
24 sentence is imposed?
25             MR. McGEE:  Yes, sir.

```
 1              THE COURT:  Would you please use the
 2   microphone?  Go ahead.
 3              MR. McGEE:  Your Honor, I would like to read
 4   these papers I have which states that --
 5              THE COURT:  Okay.  That's fine.  If you read,
 6   a lot of people read faster than they normally speak,
 7   but she has to take it down, so just go slow.  Thank
 8   you.
 9              MR. McGEE:  Yes, sir.  I just wanted to
10   address the fact that I was supposed to be given a
11   second draft of my PSI seven days before sentencing,
12   which was not done.  Also, I've given my attorney
13   several other motions that I haven't been given any
14   information about.
15              I have a constitutional right -- I have
16   constitutional rights quoted in some of those motions
17   that my attorney failed to leave out (sic) in his
18   reading -- when he redid the motions.  I have a copy of
19   that motion right here that I'm referring to.  My
20   original motions to whatever he presents to The Court,
21   I asked him to attach them to it.  And I also have
22   other rules and regulations that I would like to be
23   followed that I took out of the Sentencing Guideline
24   book.
25              And my attorney doesn't feel -- I don't feel
```

1   like my attorney has had my best interest at heart when
2   he's been representing me, which is why I asked early
3   on to be represented by another lawyer, but it was
4   denied.  He barely came to see me, and I want to put
5   that on record.  And before he had any evidence given
6   to him by the government, he told me that I was going
7   to lose my trial, I was going to lose any motions
8   presented by me, so I wasn't comfortable at all with
9   him representing me, because he had a defeated attitude
10  before I even went to trial.
11          He gave me hours worth of paperwork and only
12  gave me an hour or so each visit when he came to see me
13  to go over them.  And denied me any copies of
14  paperwork, saying that he couldn't give them to me.
15  That's when he came to see me.  Sometimes he would come
16  to the jail and wouldn't even call me out to see me.
17  That probably had something to do with the fact that he
18  had over ten clients there, and he has clients in over
19  ten other counties, probably the same amount, with
20  health issues.  So he really had no time to even
21  prepare for my case, which is why I feel like he didn't
22  represent me right.
23          I also filed motions for an appeal that I
24  haven't heard anything about.  And he had evidence that
25  he said the prosecutor wasn't going to use against me,

8

1  so he felt the need not to share the evidence with me.
2  But it turns out in trial the prosecutor did use that
3  same evidence that he failed -- that I didn't need to
4  know about.
5          THE COURT:  What evidence was that?
6          MR. McGEE:  The tape recording.  He said there
7  was two of them.  He only went over one with me.  He
8  said the other one I don't need to hear because they
9  said they wasn't going to use it, but they used both
10 recordings at trial.
11         Mr. Clements didn't ever advise me of any
12 court dates soon enough for me to have witnesses come
13 from Chicago to speak on my behalf, or even for me to
14 have supporting family members come from Chicago to be
15 down here in time.  I'm sure my attorney is familiar
16 with the rules and regulations of the federal system,
17 but yet he allowed the prosecutor to give him some kind
18 of papers during trial on June 1st.
19         Also, I'm trying to convince him that the
20 federal Sentencing Guideline manual clearly says that
21 when a verdict is given of guilty of at least 50 grams,
22 like they did in my trial, the gram amount cannot go
23 over 150 grams.  Also, when at least 50, no more than
24 150, is what a person is guilty of, their offense level
25 should be 30.

Case 3:07-cr-00634-JAJ-TJS   Document 162   Filed 11/05/09   Page 10 of 16

9

1       The federal guide -- the Federal Sentencing
2  Guideline manual also explains how no points should be
3  given for a misdemeanor case when determining a
4  defendant's criminal history score.  I really don't
5  understand, nor has my attorney helped me understand
6  how I was found guilty of at least 50 grams when my PSI
7  doesn't involve but a total of 11.68 grams.
8       Another amount mentioned in the PSI is 57.33
9  grams that was found in the apartment, along with a
10 smaller amount which was three grams.  I admitted to
11 the three grams being mine, and told the police that I
12 didn't know about the 57.33 grams, which later was
13 proved at trial.  And I also was only found guilty of
14 possessing the three, so that could -- that couldn't
15 justify the at least 50 gram conspiracy verdict.
16      I don't believe that Count 1 of my charges was
17 proven beyond a reasonable doubt, because it couldn't
18 have been without going against the jury's verdict.
19 The alleged conspiracy only involved transactions with
20 a total of 11.68 grams, transactions that didn't even
21 involve me.
22      My sentencing should not even have the word
23 conspiracy in it, because the government didn't prove
24 beyond a reasonable doubt that I had been involved in
25 any drug activity.  The PSI doesn't even involve me in

Kara M. Sullivan Reporting
Andalusia, Illinois (309) 798-5198

1  any drug activity.  The only time my name is mentioned
2  is by somebody trying to talk their way out of trouble,
3  except for me, when I admitted to the three grams that
4  were found in the apartment being mine.  I admitted
5  they were mine, and also admitted that no one knew I
6  had them for my personal use.
7         Last but not least, I would like to bring to
8  The Court's attention that a federal indictment was
9  filed for me on December 13th, 2007, while the state
10 still had jurisdiction over the matter, which is double
11 jeopardy for both jurisdictions to proceed forth on
12 charges of the same conduct.
13        The state didn't dismiss my case until March
14 20th, 2008.  In order to be a probable cause the
15 respondent would first have to have jurisdiction over
16 the matter.  And since I was still in state court
17 proceedings when the indictment was filed on December
18 13th, 2007, The Court, as a matter of record, cannot
19 say that they have proper venue or jurisdiction until
20 my state court pleadings were terminated.
21        And this calls -- and this caused -- the state
22 still had jurisdiction because the charges weren't
23 finalized with the state while my indictment and my
24 warrant were being pursued.  My constitutional rights
25 say no -- no way shall any person subject -- be

1  subjected -- be subject for the same offense to be
2  twice put in jeopardy of life or limb.  Double jeopardy
3  bars two jurisdictions to prosecute a defendant at the
4  same time in a criminal matter.  I am not a civil cause
5  of action, whereas a person seeking damage.  This is a
6  case -- this is a criminal case, and only one court can
7  hold jurisdiction at a time.
8          Finally, I would like you to know, Your Honor,
9  that I would not like for Mr. Clements to represent me
10 in any appeal of any type.  I would like to be
11 appointed an appellate attorney, if that is possible.
12 Thank you.
13         THE COURT:  The claims concerning Mr.
14 Clements's representation were addressed in orders
15 filed yesterday.  The letter to which Mr. McGee refers
16 is a part of the report, I believe, and it is a good
17 example of an attorney giving his best advice, and
18 making it very clear that if the client's choice is to
19 how they want their case resolved, it's hard news to
20 accept and often isn't accepted well, but it's their
21 obligation to give defendants their very best advice.
22 I don't know what you mean about the enhancement papers
23 during trial.  I know they were filed.  I've reviewed
24 them many times.  I have them right here.  They were --
25 excuse me -- they were filed June 1st.

                                                                12

1            MR. McGEE:  Yes, they were.
2            THE COURT:  When did the trial begin?
3            MR. McGEE:  June 1st.
4            THE COURT:  Thank you.  And then with respect
5    to the double jeopardy argument, it's very, very clear
6    that both the state and the federal has so-called dual
7    sovereignty.  They can both prosecute from beginning to
8    end.  When we talk about double jeopardy, jeopardy
9    attaches when the jury is sworn, and that only happened
10   once in your case, so there was no violation of the
11   double jeopardy clause.  Ms. Zaehringer?
12           MS. ZAEHRINGER:  Your Honor, we would ask for
13   the mandatory minimum in this case, which is life.
14           THE COURT:  In imposing sentence I did not
15   consider the Title 18, United States Code, Section
16   3553(a) factors.  I did not do that because of my
17   previous ruling and findings, the issues relating to
18   the Sentencing Guidelines to be moot as the case is
19   driven by the mandatory minimum.
20           It is the judgment of The Court that the
21   defendant, Christopher James McGee, is hereby sentenced
22   to the custody of the Bureau of Prisons for the rest of
23   his natural life on Count 1 of the indictment.  He is
24   sentenced to the custody of the Bureau of Prisons for
25   360 months on Count 2 of the indictment.  Those

1   sentences to run concurrent, meaning at the same time.
2            If for some reason you're released from
3   prison, you shall be placed on supervised release for
4   ten years on each of Counts 1 and 2; those terms to run
5   concurrent.  If that happens, then within 72 hours of
6   release from the Bureau of Prisons you shall report in
7   person to the probation office in the district where
8   you are released.
9            While on supervised release you shall not
10  commit another federal, state or local crime.  You
11  shall not possess a firearm or destructive device.  You
12  shall not illegally possess a controlled substance.
13  You shall comply with all the standard conditions of
14  supervised release as set forth by the Sentencing
15  Commission, plus the following special conditions.
16           You shall submit to substance abuse
17  evaluation, testing and treatment.  You shall not use
18  alcohol or other intoxicants.  You shall not patronize
19  businesses where more than 50 percent of their revenue
20  is derived from the sale of alcohol.  And you shall
21  submit to a search of your person, residence, adjacent
22  structures, office or vehicle, conducted by a probation
23  officer at reasonable time and in a reasonable manner.
24  All is more fully set forth in the judgment to be
25  entered later today.

```
                                                          14

1         I find that you do not have the ability to pay
2    a fine.  You're ordered to pay a $200 special
3    assessment to the Victims' Assistance Fund, which is
4    due and payable immediately without interest to the
5    Clerk of Court.
6         I recommend that he -- Mr. McGee be given
7    access to the Bureau of Prisons 500 hour intensive drug
8    treatment program.  And if consistent with his security
9    classification, that he be incarcerated at the federal
10   correctional institute at Oxford, Wisconsin.
11        You have the right to take an immediate appeal
12   from this judgment and commitment order.  Any appeal
13   has to be filed within ten days from today.  I do not
14   and cannot appoint an attorney on appeal, based on the
15   Court of Appeals appoints the attorneys on appeal.  Mr.
16   Clements, do you have anything else?
17        MR. CLEMENTS:  No, Your Honor.
18        THE COURT:  Ms. Zaehringer, do you?
19        MS. ZAEHRINGER:  No, Your Honor.
20        THE COURT:  We're in recess.
21        (The hearing concluded at the approximate hour
22   of 8:26 a.m. on October 9, 2009.)
23
24
25
```

```
                                                          15

 1   UNITED STATES OF AMERICA,     )
                                   )
 2                                 )
                    Plaintiff,     )NO. 3:07-cr-00634
 3                                 )
                                   )
 4         vs.                     )
                                   )CERTIFICATE OF
 5   CHRISTOPHER JAMES MCGEE,      )TRANSCRIPT
                                   )
 6                  Defendant.     )

 7
              I, Kara M. Sullivan, a Certified Shorthand
 8   Reporter in and for the States of Illinois and Iowa,
     hereby certify that I reported the evidence in the
 9   hearing of the above-entitled case, before The
     Honorable John A. Jarvey, U.S. District Judge, and that
10   the above and foregoing typewritten transcript,
     consisting of 14 pages, is a full, true and complete
11   translation and transcript of all the shorthand notes
     of the evidence taken down and reported by me at the
12   hearing of said cause and contains a full, true and
     complete report of all the evidence offered or
13   introduced, all objections, and all rulings of The
     Court.
14
              In witness whereof, I have hereunto set my
15   hand this 3rd day of November, 2009.

16

17
                         Kara M. Sullivan, CSR, RPR
18                       Certified in Iowa & Illinois
                         IL CSR No. 084-004482
19                       IA CSR No. 1224
                         637 4th Avenue West
20                       Andalusia, Illinois 61232
                         (309) 798-5198
21

22

23

24

25
```